1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN T. FLEMINGS, | ) | 1:14-cv-01248 LJO DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | EITHER FILE AMENDED COMPLAINT OR |
| | ) | NOTIFY COURT OF WILLINGNESS TO |
| vs. | ) | PROCEED ONLY ON COGNIZABLE |
| | ) | CLAIMS |
| C. GRAY, et al., | ) | |
| | ) | THIRTY-DAY DEADLINE |
| Defendants. | ) | |

Plaintiff Kevin T. Flemings ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on August 8, 2014.  Plaintiff names Correctional Officers C. Gray, Timmons, Darren White, and F. Feliciano as Defendants.

A.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Correctional Training Facility in Soledad, California. He was incarcerated at Wasco State Prison when the events at issue occurred.

Plaintiff alleges as follows. On April 2, 2014, Defendant Gray received a phone call from an unknown supervisor directing him to confiscate Plaintiff's orthopedic tennis shoes and

to search his cell.  During the search Defendant Gray confiscated Plaintiff's medically-prescribed tennis shoes along with other items, and wrote a CDC Rules Violation on Plaintiff.

Later that day, Plaintiff was summoned to "A" facility program office by Defendant Timmons concerning the search performed by Defendant Gray.  Plaintiff informed Defendant Timmons that he possessed a Comprehensive Accommodation Chrono for the shoes and they were for medical purposes.  Plaintiff further stated that he wore the shoes before every officer for approximately eight months without incident.  Defendant Timmons replied: "I can't order Officer Gray to return the shoes!"  Defendant Timmons further stated that Plaintiff needed to prove that the shoes belonged to him.

On April 3, 2014, Plaintiff appealed the matter to Defendant White, as he was a captain and supervised the other officers.  Defendant White stated he spoke to Defendants Timmons and Gray, and he determined the shoes were contraband according to the Department Operations Manual ("DOM") property section.  Plaintiff informed Defendant White of California Code of Regulations, Title 15, sections 3358(a) and (b).  Plaintiff also informed Defendant White that the regulations did not permit the officers to confiscate his medical shoes unless they first consulted the institution's doctor.  Defendant White replied, "I don't care, the shoes are contraband and you'll have to send them home!"  Later, an unknown officer advised Plaintiff that things would get worse if he didn't drop the complaint.

On April 22, 2014, Plaintiff, as acting Men's Advisory Committee ("MAC") chairman, raised the issue of whether the DOM property section applied to health care appliances.  Warden Katavich stated that the Title 15 regulations trump the DOM and the property section in the DOM does not apply to health care appliances.

On April 23, 2014, Plaintiff met with Defendants Gray, Timmons, and White inside Defendant White's office to discuss the return of Plaintiff's medical shoes.  Plaintiff reminded Defendants that the warden had stated in the MAC meeting that Plaintiff's shoes were not

3

contraband because the DOM property section did not apply.  Defendant Gray then told Defendant White that the shoes were not on Plaintiff's property card and did not belong to Plaintiff.  Defendant White stated that if the shoes were not on Plaintiff's property card, then Plaintiff could not have them.  Defendant Timmons then asked Plaintiff if he had a receipt to prove the shoes were his.  Plaintiff replied, "No," but that the shoes came through medical and his building officer issued them to him.  Plaintiff then informed the three Defendants that they were retaliating against him because his wife had filed a civil rights complaint against their fellow officers.  Plaintiff further informed them that they did not have a problem with the shoes until his wife had filed and served a complaint.

Later that day, Plaintiff located the receipt for the medical shoes and presented it to Defendant Timmons.  Timmons stated that he would look into the matter and get back to Plaintiff.

On April 24, 2014, Plaintiff again addressed the receipt he gave to Defendant Timmons and Defendant stated that Plaintiff was pressuring him and that he needed to back off.  Plaintiff advised Timmons that his feet were constantly in pain for having to wear regular state-issued shoes.  A month passed and none of the three defendants would address the medical shoes.

On May 24, 2014, Plaintiff saw Defendant Gray siting in his office chair inside the MAC office and once again inquired into the whereabouts of the shoes.  Defendant Gray replied: "You have to send the shoes home, you tried to get the warden to return them to you and that didn't work, so just send them home.  Plaintiff asked Defendant Gray if he even considered the receipt he had given him along with the property CDC 128B chrono from the Wasco Medical Department stating that the shoes were given to Plaintiff on August 20, 2013.  Defendant Gray stated: "You're not getting the shoes back."

On May 27, 2014, Plaintiff again asked Defendant White to return his shoes.  Plaintiff presented the CDC-128-B-1 chrono to Defendant White who stated he would return the shoes.

Defendant White instructed Lieutenant Ireata to return the shoes to Plaintiff.  Lieutenant Ireata informed Plaintiff that Defendant Gray was off and he had to wait until Gray returned back to work the following day.

On May 28, 2014, Lieutenant Ireata called Defendant Gray and Plaintiff into his office and informed Gray that Defendant White instructed him to return the shoes to Plaintiff. Defendant Gray replied: "I don't have the key to where the shoes are stored."  Lieutenant Ireata provided him with a key and instructed him to get the shoes.  Defendant Gray returned and advised that he could not find the shoes, and walked out.  Lieutenant Ireata informed Defendant White that Gray could not locate the shoes, and White stated: "I'm out of the shoe business and don't bother me anymore about it."

On or about June 2, 2014, Plaintiff spoke to a yard crew worker who stated he had seen Defendant Gray take the shoes out of the locker storage and throw them in the trash.

Plaintiff states he attempted to exhaust his administrative appeals.  On April 17, 2014, Plaintiff submitted an appeal concerning Defendant Gray's confiscation of his medical shoes to the appeals coordinator office.  The appeal was screened out on April 22, 2014, by Defendant Feliciano for reason that Plaintiff had already submitted two appeals and therefore the present appeal was barred.

On April 25, 2014, Plaintiff again submitted an appeal to Defendant Feliciano informing him that he had only filed one appeal and the second appeal had been screened out; therefore, the present appeal could be filed.  Defendant Feliciano again refused to file the appeal.

On May 12, 2014, Plaintiff attempted to file the same appeal along with a CDC Request for Interview requesting that he be permitted to file a third appeal concerning the medical shoes. Defendant Feliciano denied the filing of the appeal.

///

///

C.    **ANALYSIS**

1.    Deprivation of Property without Procedural Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).  However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under section 1983 if the deprivation was random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); Hudson, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson , 468 U.S. at 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985).  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest.  Turner v. Safley, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing

prior to the deprivation of a ... property interest.'" <u>Halverson v. Skagit County</u>, 42 F.3d 1257, 1260 (9th Cir.1995) (internal quotations and citations omitted).

In this action, Plaintiff alleges that his orthopedic tennis shoes were wrongfully seized pursuant to applicable regulations, and thereafter destroyed. Plaintiff states he had a Comprehensive Accommodation Chrono for his shoes and that his shoes were for medical purposes. Plaintiff alleges personal participation by Defendants Gray, Timmons, and White. The Court finds that Plaintiff states a claim under the Due Process Clause against Defendants Gray, Timmons, and White.

2.   <u>Substantive Due Process</u>

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted). "Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" <u>Brittain v. Hansen</u>, 451 F.3d 982, 990 (9th Cir. 2009) (citing <u>Washington v. Glucksberg</u>, 521 U.S. 702, 721-22, 117 S.Ct. 2258 (1997)). "There is no general liberty interest in being free from capricious government action," <u>Nunez</u>, 147 F.3d at 873, and to state a substantive due process claim, Plaintiff must demonstrate the deprivation of a protected interest and conscience shocking behavior by the governmental actor, <u>Brittain v. Hansen</u>, 451 F.3d 982, 991 (9th Cir. 2009).

Construing Plaintiff's challenge to the deprivation of his shoes as a substantive due process claim, his claim fails. While Plaintiff may have a protected interest in his property, the deprivation of his orthopedic shoes does not rise to the level of "conscience shocking" government action.

Plaintiff also claims a violation of his Due Process rights based on Defendant Feliciano's handling of his administrative appeals. Plaintiff does not a have protected liberty interest in the

processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Accordingly, Plaintiff fails to state a substantive due process claim.  This deficiency cannot be cured.

3.      Eighth Amendment – Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff claims the deprivation of his orthopedic shoes caused his medical condition to get worse, and caused him to experience indescribable and constant pain in his legs. At the pleading stage, Plaintiff states a claim against Defendants Gray, Timmons, and White for violation of the Eighth Amendment.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint states the following cognizable claims: (1) violation of Plaintiff's procedural due process rights by Defendants Gray, Timmons, and White; and (2) violation of the Eighth Amendment's prohibition against cruel and unusual punishment against Defendants Gray, Timmons, and White.  It does not state any further claims against any other Defendants.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff chooses to amend, this will be his final opportunity.

If Plaintiff is willing to proceed on his cognizable claims, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claim(s) and Defendant(s), and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff must either:

a.     File an amended complaint curing the deficiencies identified by the Court in this order, or

       b.     Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

      3.     <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

   Dated:   **July 17, 2015**                   /s/ *Dennis L. Beck*

                                        UNITED STATES MAGISTRATE JUDGE