# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TYRONE FLEMINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>GRAY, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-01248 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS" MOTION TO REVOKE IN FORMA PAUPERIS STATUS BE GRANTED<br><br>[ECF No. 16]<br><br>OBJECTION DEADLINE: THIRTY DAYS |

 Plaintiff Kevin T. Flemings ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on August 8, 2014.

 On July 17, 2015, the Court screened Plaintiff"s Complaint and found that it stated the following claims: (1) violation of Plaintiff"s procedural due process rights by Defendants Gray, Timmons, and White; and (2) violation of the Eighth Amendment"s prohibition against cruel and unusual punishment against Defendants Gray, Timmons, and White. On August 24, 2015, all other claims and defendants were dismissed. On August 20, 2015, the Court directed the U.S. Marshal Service to serve the complaint on Defendants.

 On November 3, 2015, Defendants filed the instant motion to revoke Plaintiff"s in forma pauperis status because Plaintiff has had at least three prior federal actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Plaintiff filed an opposition on November 23, 2015. Defendants filed a reply to the opposition on December 14, 2015.

**DISCUSSION**

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as a strike.

In this case, Defendants contend that Plaintiff has filed numerous lawsuits, and at least three have been dismissed as frivolous, malicious, or failing to state a claim. Plaintiff contends that none of the five cases cited by Defendants qualify as strikes. Defendants first cite the case of Flemings v. Herndon, et al., Case No. 2:09-cv-2018 (C.D. Cal. 2010).[1] This case was dismissed with prejudice for failure to state a claim. Plaintiff admits that he "simply did not frame his complaint . . . to state a claim." (Pl.'s Opp'n at 4.) The case clearly qualifies as a strike.

Defendants next cite to Flemings v. Ryan, et al., Case No. 2:06-cv-4186-GAF-FMO (C.D. Cal. 2006), which was also dismissed for failure to state a claim. Plaintiff argues that this case is related to the case above and should not count as a strike. Nevertheless, the case is a separate action that was dismissed for failure to state a claim. Plaintiff admits that he "simply did not know how to file or frame a complaint which amounted to stating a case which relief could be made." (Pl.'s Opp'n at 4.) This case also clearly qualifies as a strike.

The next case cited to by Defendants is Flemings v. Larson, et al., Case No. 2:07-cv-6645-UA-DUTY (C.D. Cal. 2007). In this case, Plaintiff was denied in forma pauperis status because the claim was found to be "legally and/or patently frivolous," Plaintiff "fail[ed] to state a claim, and "certain defendants" were immune from suit. Plaintiff contends the case should not count as a strike because the case was dismissed on the basis of immunity. As Defendants correctly argue, regardless of the fact the case was dismissed on the basis of immunity, the case was also dismissed

---

[1] The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

for failure to state a claim and as legally and patently frivolous, both of which are bases for considering the case to count as a strike. 28 U.S.C. § 1915(g).

Next, Defendants cite to <u>Flemings v. Larson, et al.</u>, Case No. 07-56793 (9th Cir. 2008) as another case in which Plaintiff's in forma pauperis status was denied because the claims raised on appeal were insubstantial, and therefore frivolous. Defendants correctly note that a dismissal of an appeal raising questions considered insubstantial is equivalent to a frivolous appeal. <u>Martini v. U.S. Dep't of Justice</u>, 303 Fed.Appx. 477, 478 (9th Cir. 2008); <u>United States v. Stockton</u>, 291 Fed.Appx. 44 (9th Cir. 2008). Therefore, the case is considered a strike.

Finally, Defendants cite to <u>Flemings v. Larson, et al.</u>, Case No. 2:08-cv-0284 (2008) which was dismissed for attempting to bring a claim against immune defendants and for failure to prosecute. Defendants persuasively argue that the dismissal of Plaintiff's lawsuit against immune defendants is equivalent to a Rule 12(b)(6) dismissal which is considered a strike. In <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013), the Ninth Circuit stated: "We have interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." Therefore, the case constitutes Plaintiff's fifth strike.

Based on the above, Defendants are correct that Plaintiff has filed five actions or appeals that were dismissed on the grounds of being frivolous, malicious, or failure to state a claim. Plaintiff has more than met the requirement for revocation of in forma pauperis status under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

As noted above, the PLRA provides that a prisoner with three strikes cannot use IFP status to "bring a civil action . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." <u>Id</u>. at 1055. Plaintiff must allege an ongoing danger in order to meet the imminency requirement. <u>Id</u>. at 1056. "[A] prisoner who alleges that prison officials continue with

a practice that has injured him or others similarly situated in the past will satisfy the „ongoing danger" standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11.

In his complaint, Plaintiff makes allegations concerning events which took place at Wasco State Prison in April of 2014. At the time he filed the instant suit, Plaintiff was housed at a different facility, Correctional Training Facility in Soledad, California. There is nothing in the complaint which indicates Plaintiff was in imminent danger of serious bodily harm at the time he filed suit. In addition, the confiscation of his Nike shoes did not result in a continuing practice by Defendants that has injured him. Plaintiff contends that he has suffered pain from the confiscation, but Plaintiff has not pled that Defendants have prevented him from purchasing orthopedic shoes. Moreover, the confiscation of his Nike shoes does not amount to a claim of imminent danger. Therefore, Plaintiff does not meet the imminent danger exception.

**RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff is a three-striker under 28 U.S.C. § 1915(g), and was not in imminent danger of serious bodily injury at the time he filed suit. Accordingly, it is HEREBY RECOMMENDED that Defendant"s motion to revoke Plaintiff"s in forma pauperis status be GRANTED, and Plaintiff be REQUIRED to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 16, 2015**__            /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE